

# NUMBER 13-11-00740-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CLING MARK BAYNARD,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Chief Justice Valdez

Appellant, Cling Mark Baynard, was charged with possession of a usable quantity of marihuana in an amount of 2,000 pounds or less but more than fifty pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (West 2010).[1] The jury found Baynard guilty, and Baynard received a sentence of forty years' confinement.

---

[1] The charged offense is a second-degree felony; however, Baynard's sentence was enhanced to a first-degree felony due to a prior conviction.

Baynard's appellate counsel, concluding that the appeal in this cause is frivolous, filed an *Anders* brief, in which she reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Baynard's appellate counsel has filed a motion to withdraw and a brief with this Court stating that she has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. Counsel's brief sets out, in great detail, relevant portions of the record that may provide potentially appealable issues. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Baynard's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has forwarded a copy of her brief to Baynard and has informed Baynard of his right to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510

n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Baynard has filed his pro se response with this Court. *See In re Schulman*, 252 S.W.3d at 409.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, and Baynard's pro se response; however, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III.   MOTION TO WITHDRAW

In accordance with *Anders*, Baynard's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Baynard and advise him of his

right to file a petition for discretionary review. [2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of October, 2012.

---

[2] No substitute counsel will be appointed.  Should Baynard wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.